IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNILOC USA, INC. and<br>UNILOC LUXEMBOURG, S.A.<br><br>          Plaintiff,<br><br>v.<br><br>APPLE INC.<br><br>          Defendant. | Case No. 2:17-cv-00455-JRG<br><br>**DEFENDANT APPLE INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**<br><br>**JURY TRIAL DEMANDED** |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

I.    INTRODUCTION ............................................................................................................... 1

II.    BACKGROUND .................................................................................................................. 1

    A.    Uniloc's '422 Patent and "Graphics Primitives" ............................................... 1

    B.    The Uniloc Plaintiffs' Complaint Against Apple ............................................... 3

III.    ARGUMENT ........................................................................................................................ 3

    A.    Plaintiffs' Complaint Does Not Plausibly Allege Direct Infringement. ........................ 3

    B.    Plaintiffs' Complaint Does Not Plausibly Allege Indirect Infringement. ..................... 6

IV.    CONCLUSION .................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) .................................................................................................. 1, 3, 5, 6

*Atlas IP, LLC v. Exelon Corp.*,
　189 F. Supp.3d 768 (N.D. Ill. 2016) ..................................................................................... 4

*Bell Atlantic Corp. v. Twombly*,
　550 U.S. 544 (2007) ............................................................................................................. 3

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
　2015 WL 5000397 (E.D. Tex. June 3, 2015) ....................................................................... 7

*Cross Medical Prods., Inc. v. Medtronic Sofamor Danek, Inc.*,
　424 F.3d 1293 (Fed. Cir. 2005) ............................................................................................ 7

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
　363 F.3d 1263 (Fed. Cir. 2004) ............................................................................................ 6

*Global-Tech Appliances, Inc. v. SEB S.A.*,
　563 U.S. 754 (2011) ............................................................................................................. 6

*Ingeniador, LLC v. Interwoven*,
　874 F. Supp. 2d 56 (D.P.R. 2012) ........................................................................................ 6

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
　843 F.3d 1315 (Fed. Cir. 2016) ........................................................................................ 6, 7

*Ruby Sands LLC v. American Nat'l Bank of Texas*,
　2016 WL 3542430 (E.D. Tex. Jun 28, 2016) ................................................................... 4, 5

*S. Christian Leadership Conference v. Supreme Ct. of State of La.*,
　252 F.3d 781 (5th Cir. 2001) ................................................................................................ 3

*Wright's Well Control Svs., LLC v. Oceaneering Int'l, Inc.*,
　2017 WL 568781 (E.D. La. Feb. 13, 2017) .......................................................................... 5

I.  **INTRODUCTION**

Under the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), Plaintiffs were required to plead facts that make their patent-infringement claim "plausible." In this case, Plaintiffs failed.

The patent-in-suit discloses a way of using a format called "graphics primitives" to wirelessly transmit information to a video display. As the patent puts it, graphics primitives include "instructions which tell a graphics display what to draw," such as "draw a line." (Ex. A, '411 Patent. at 2:48-51.). Each asserted claim requires "converting video requests" into "primitives" before transmission. (*Id.* at Claims 1, 9, 17, 20.) According to the patent, this use of "primitives" is different from simply sending the video by "directly transferring an image as a bit stream" or pixels. (*Id.* at 2:45-47.)

Plaintiffs' Complaint never alleges that any Apple products use "graphics primitives" or anything like them. To the contrary: the Complaint alleges that Apple sends unconverted "video" between two devices. In other words, Plaintiffs Complaint suggests that Apple uses the unpatented bit stream method, not the claimed graphics primitives. Even taken as true, these allegations do not state a claim on which relief could be granted—indeed, they suggest that Apple does not infringe. Plaintiffs have not pled a plausible infringement claim, and their Complaint should therefore be dismissed.

II.  **BACKGROUND**

  A.   **Uniloc's '422 Patent and "Graphics Primitives"**

Plaintiffs' Complaint alleges that Apple infringes U.S. Patent No. 6,580,422 ("the '422 Patent"). The '422 Patent relates to a particular way of sending video wirelessly from a computer to a remote monitor. (Ex. A, '422 Patent at 1:9-11.) As the '422 Patent recognizes, to send video wirelessly, "it is necessary to transfer the image . . . across the data link to the remote

1

display." (*Id.* at 1:50-53.) The data rate required to transmit unconverted video, however, is "quite high." (*Id.* at 1:53-54.) And, at the time the '422 Patent was filed, wireless bandwidth was relatively difficult to come by. According to the '422 Patent, the cost of acquiring enough bandwidth to transmit video at the necessary rates "may be prohibitive." (*Id.* at 1:58-60.)

To address this issue, the '422 Patent proposed an alternative: converting "video requests" to "graphics primitives." (Ex. A, '422 Patent at 2:45-47.) According to the '422 Patent, graphics primitives can include "high level instructions which tell a graphics display what to draw…such as a command to draw a line." (*Id.* at 2:48-51.) In the '422 Patent's approach, a transmitting device "convert[s] video requests" into primitives before transmitting them. (*Id.* at, *e.g.*, 4:22-23.) The receiving device then converts the graphics primitives into "digital data" for display. (*Id.* at 4:25-32.) Transmitting video as a series of primitives supposedly requires less bandwidth than would be required to send the full video. (*See id.* at 1:67-2:4.)

Each independent claim of the '422 Patent requires converting video into "graphics primitives" and wirelessly transmitting the primitives. (Ex. A, '422 Patent at Claims 1, 9, 17, 20.) Claim 1 is representative:

> 1. A remote computer display system comprising:
>    a portable computing device (PCD) having a wireless transmitter;
>    a remote video display electrically connected to a wireless receiver;
>    the PCD also having a video driver operative to receive video requests issued by a software program executing on the PCD and **converting the video requests into graphics primitives which are sent as signals by the wireless transmitter** to the wireless receiver;
>    the wireless receiver being operative to receive the signals sent by the wireless transmitter and to **convert the received signals into digital data representing the graphics primitives** and also operative to send the digital data to a remote display driver; and
>    the remote display driver is operative to cause the remote video display to display a video image in response to the digital data sent by the wireless receiver.

(*Id.* at 4:14-32; emphasis added.)

### B. The Uniloc Plaintiffs' Complaint Against Apple

The infringement allegations in Plaintiffs' Complaint are sparse and superficial. Plaintiffs allege that Apple has directly infringed "one or more claims of the '422 Patent. . . . including at least claims 1, 5, 9, 13, 17-18 and 20-21 literally and/or under the doctrine of equivalents." (Dkt. 1 ¶ 15.) According to Plaintiffs, Apple infringes by using an iPhone or iPad with an Apple TV. (*Id.* at ¶¶ 10-14.) But Plaintiffs do not allege that Apple's iPhones or iPads convert video into graphics primitives for transmission. Rather, Plaintiffs allege that Apple's iPhones and iPads "send video signals" directly to the Apple TV:

> 13. In response to a request sent by an Apple TV, **iPhones and iPads can send video signals to the Apple TV**.
> 14. Upon receipt of the video signals, the Apple TV can convert the signals into digital graphical data for display on the TV screen.

(*Id.* ¶¶ 13-14.) These are the only facts in Plaintiffs' Complaint relating to how Apple's products transmit video. Aside from repeating the '422 Patent's title, the Complaint does not even mention graphics primitives. And it contains no other facts suggesting that Apple uses them or converts video requests into them.

## III. ARGUMENT

### A. Plaintiffs' Complaint Does Not Plausibly Allege Direct Infringement.

To plead a viable infringement claim, the Complaint must allege facts that, taken as true, make that claim "plausible on its face." *Iqbal*, 556 U.S. at 678; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not enough. *Iqbal*, 556 U.S. at 678; *see S. Christian Leadership Conference v. Supreme Ct. of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001). Rather, Plaintiffs' Complaint must include allegations that plausibly suggest that Apple practices

3

every element of at least one claim of the '422 Patent. *See Ruby Sands LLC v. American Nat'l Bank of Texas*, No. 2:15-cv-1955-JRG, 2016 WL 3542430, *2, *4 (E.D. Tex. Jun 28, 2016); *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp.3d 768, 775 (N.D. Ill. 2016) (dismissal is appropriate when "a plaintiff does not allege facts about each [claim] element.").

Plaintiffs' Complaint does not come close to meeting this standard. The Complaint alleges that Apple infringes "at least claims 1, 5, 9, 13, 17-18 and 20-21" of the '422 Patent. (Dkt. 1 ¶ 15.) Each of these claims requires "converting [] video requests" into "graphics primitives" for transmission:

- Claims 1, 9, and 17 all require "converting the video requests into graphics primitives" (Ex. A, '422 Patent at 4:21-28, 5:1-8, 6:8-12);
- Claims 5, 13, and 18 are dependent on claims 1, 9, and 17 respectively (*Id.* at 4:45-49, 5:31-34, 6:18-21);
- Claim 20 requires "converting the video requests into graphics primitives" and a "transmitter [that] includes means for converting the graphics primitives into digital data representing the graphics primitives" (*Id.* at 6:30-35); and
- Claim 21 is dependent on claim 20 (*Id.* at 6:38).

Nothing in the Complaint suggests that Apple's products "convert[]" anything into "graphics primitives," as the claims require. Its only factual allegation on the subject is that "[i]n response to a request sent by an Apple TV, iPhones and iPads can send video signals to the Apple TV." (Dkt. 1 ¶ 13.) The '422 Patent, however, explicitly distinguishes transmitting "graphics primitives" from transmitting a conventional video bit stream. (Ex. A '422 Patent at 2:45-47.) Specifically, each claim requires that "video requests" be "converted" into graphics primitives before transmission. (*Id.*, claims 1, 9, 17, 20.) "Video," in other words, describes content <u>before</u> it is converted into "primitives." Thus, merely alleging, as the Complaint does, that "video signals" are "sen[t]" directly, with no mention of conversion, is not enough to make infringement plausible. In fact, it suggests the opposite: that Apple uses the unpatented

alternative of "directly transfer[ring] the video image as a bit stream." (*See* Ex. A, '422 Patent at 1:67-2:4.) Pleading that Apple uses technology that the '422 Patent distinguishes from its supposed invention is not an infringement claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678. And this is all the Complaint alleges: it contains no other assertions about when, where, why, or how Apple might conceivably convert "video requests" to "graphics primitives."

The appropriate remedy for Plaintiffs' pleading failures is dismissal. This Court dismissed an infringement complaint in *Ruby Sands* because it did not plausibly suggest that the defendant sold what was claimed. *Ruby Sands LLC*, 2016 WL 3542430, *4. Similarly, in *Wright's Well Control Svs., LLC v. Oceaneering Int'l, Inc.*, another court in this Circuit dismissed a complaint where a plaintiff "[made] no attempt to relate the factual allegations . . . to the specific claims . . . including the practice of all of the limitations of that claim." No. 15-1720, 2017 WL 568781, *5 (E.D. La. Feb. 13, 2017). Plaintiffs' claim, like those dismissed in *Ruby Sands* and *Wright's Well*, does not connect its factual allegations to the asserted claims, and thus should be dismissed.

Plaintiffs' throw-away reference to the doctrine of equivalents cannot save the Complaint. (Dkt. 1 at ¶ 16.) This claim simply repeats the Plaintiffs' allegation that Apples' products "transmit[] video data." (*Id.*) But according to the '422 Patent, "transmitting video data" without converting it into "graphics primitives" is not "equivalent" to the claimed method—it is an unpatented and criticized alternative with supposedly "prohibitive" costs. (Ex. A at, *e.g.*, 1:50-60; 2:45-47.) The Complaint never identifies what in Apple's products is supposedly "equivalent" to the claimed "graphics primitives." Nor does it plead facts suggesting that Apple's products do anything equivalent to the claimed "conversion" of video into "graphics

5

primitives." The Complaint thus does not plead any facts that make its doctrine-of-equivalents claim "plausible." *Iqbal*, 556 U.S. at 678.

### B. Plaintiffs' Complaint Does Not Plausibly Allege Indirect Infringement.

Plaintiffs' indirect infringement claims fare no better than their direct infringement offering. (Dkt. 1 at ¶¶ 17, 18.) To show that Apple indirectly infringes the '422 Patent, Plaintiffs must establish that some third party directly infringes. *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004). Here, the supposedly-infringing third parties are Apple's customers. (Dkt. 1 at ¶¶ 17, 18.) But Plaintiffs' Complaint appears to rely on the same facts to allege infringement by Apple's customers as it did against Apple itself. As set forth above, those allegations do not plausibly suggest that Apple infringes. Turning the same deficient allegations against a different party—Apple's customers—does not somehow make them plausible. Plaintiffs' indirect infringement claims thus fail. *See Ingeniador, LLC v. Interwoven,* 874 F. Supp. 2d 56, 69 (D.P.R. 2012) (dismissing an indirect infringement claim because the plaintiff failed to adequately plead any direct infringement).

Plaintiffs' indirect infringement allegations are also inadequate because they do not plead the required intent. "[I]nduced infringement [] requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). The plaintiff must also show that the defendant "took an affirmative act to encourage infringement." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1332 (Fed. Cir. 2016). Here, Plaintiffs plead no facts whatsoever that suggest that Apple knew or knows that its products infringed the '422 Patent. Indeed, Plaintiffs have not even pled that Apple was aware of the '422 Patent until the Complaint was filed. And, as set forth above, the allegations in Plaintiffs' Complaint are so flawed that they could hardly give Apple the requisite "knowledge" of infringement.

6

Plaintiffs also do not plausibly identify the required "affirmative act to encourage infringement" on Apple's part. *Power Integrations*, 842 F.3d at 1332. Plaintiffs' complaint suggests that Apple's customers "use such devices in accordance with Apple's instructions." (Dkt. 1 at ¶ 17.) But "generic allegations that an alleged infringer provides instructional materials along with the accused products, without more, are insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim." *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-751-JDL, 2015 WL 5000397, *4 (E.D. Tex. June 3, 2015) (collecting cases). The "instructional materials" Plaintiffs identify here include references to unspecified YouTube videos, Apple's public homepage, and a customer-login screen. (Dkt. 1 at ¶ 17.) References to these non-specific sources are the definition of "generic allegations that an alleged infringer provides instructional materials." *Core Wireless*, 2015 WL 5000397 at *4. Plaintiffs' inducement claims thus fail.

Plaintiffs' contributory infringement claims are similarly inadequate. Contributory infringement requires that that the defendant know "that the combination for which its components were especially made was both patented and infringing." *Cross Medical Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005). Plaintiffs' "knowledge" allegations for contributory-infringement are the same ones they offered for inducement, and fail for the same reasons. (*Compare* Dkt. 1 at ¶ 17 *with id.* at ¶ 18.) Plaintiffs' contributory-infringement claims, too, are inadequate and should be dismissed.

## IV.    CONCLUSION

Plaintiffs' Complaint pleads no facts relating to the central element of the '422 Patent's claims. If anything, the Complaint suggests that Apple uses the very technology that the '422 Patent sought to distinguish itself from. The Complaint does not plausibly allege infringement, and the Court should therefore dismiss it.

Date: August 11, 2017    Respectfully submitted,

By: /s/ Michael Pieja
Michael T. Pieja (*pro hac vice*)
Alan Littmann (*pro hac vice*)
Jennifer Greenblatt
Doug Winnard (*pro hac vice*)
Emma C. Neff (*pro hac vice*)
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
564 West Randolph Street
Chicago, IL 60662
Telephone: (312) 381-6000
Facsimile: (312) 881-5191
mpieja@goldmanismail.com
alittmann@goldmanismail.com
jgreenblatt@goldmanismail.com
dwinnard@goldmanismail.com
eneff@goldmanismail.com

Melissa R. Smith
GILLAM & SMITH LLP
303 S. Washington Avenue
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
melissa@gillamsmithlaw.com

*Counsel for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing DEFENDANT APPLE INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) was filed electronically this 11th day of August, 2017, in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).

/s/ *Michael T Pieja*
Michael T. Pieja (*pro hac vice*)