*EXHIBIT 4*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNILOC USA, INC. and<br>UNILOC LUXEMBOURG, S.A.<br><br>        Plaintiff,<br><br>v.<br><br>APPLE INC.<br><br>        Defendant. | Case No. 2:17-cv-00470-JRG (LEAD)<br><br>Member Case:<br>    Case No. 2:17-cv-00455-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(B)(6)**

I.      INTRODUCTION

Defendant Apple Inc.'s ("Apple") Motion to Dismiss Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg, S.A.'s (collectively, "Uniloc") Amended Complaint (Dkt. 66.) is based on a simple, substantive premise. Because Uniloc's Amended Complaint accuses technology that the patent-in-suit itself describes as different from the claimed invention, Uniloc has not plausibly plead infringement under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Uniloc's Opposition simply ignores this issue. Uniloc never explains why its allegations are plausible, or reconciles its claims with the statements in its own patent. Instead, it simply complains that Apple is asking too much, and urges the Court to wait to decide the plausibility of Uniloc's allegations. (Dkt. 67 at 4.)[1] This flies in the face of the *Iqbal* standard, which demands that Uniloc provide plausible allegations, and that it do so at the pleading stage. Because Uniloc's Amended Complaint does not satisfy *Iqbal*, the Court should dismiss it.

II.     ARGUMENT

A.      **Uniloc's Amended Complaint Does Not Plausibly Allege Direct Infringement.**

Apple's Motion made no secret of why Uniloc failed to meet *Iqbal*'s minimal plausibility standard. Each asserted claim of the '422 Patent requires a system to "convert[] video" into a specific format: "graphics primitives."[2] (Dkt. 66-1 at 4:21-28, 5:1-8, 6:7-11, 6:28-33.) It then requires these primitives to be transmitted wirelessly. (*Id.*) And the '422 Patent explicitly describes "sending graphics primitives" as different from "directly transferring an image as a bit stream." (*Id.* at 2:45-47.) As Apple's Motion noted, Uniloc's Amended Complaint plead no facts in support of this limitation at all. And, as Apple pointed out, the claim chart attached to

---

[1] Any references to a docket entry are to the current lead case, Case No. 2:17-cv-470, unless noted otherwise.

[2] The '422 Patent describes these primitives as "drawing command[s] such as a command to draw a line." (Dkt. 66-1 at 2:50-51.)

1

that Complaint alleged only that Apple's products sent a "video data bitstream"—the exact technology that the '422 Patent describes as different from what it claimed. (Dkt. 63-1 at 8.)

Uniloc's Opposition ties itself in knots to avoid addressing Apple's arguments. At the outset, Uniloc attacks a series of straw men, arguing that Apple is asking too much of it. Uniloc complains that its Amended Complaint need not "prove all aspects of its claims, or even make those claims probable." (Dkt. 67 at 6.) Similarly, Uniloc asserts that it need not include "an element-by-element analysis" in its Amended Complaint. (*Id*. at 2.) But Apple's Motion does not purport to hold Uniloc to these standards. Apple asks only that Uniloc do what the Supreme Court requires: allege some facts that make its claims "plausible on [their] face." *Iqbal*, 556 U.S. at 678. Uniloc's allegations do not fail *Iqbal* because they are not "probable" or lack an "element-by-element analysis"—they fail because they affirmatively suggest non-infringement.

Uniloc next tries to hide behind the volume of its filings. Uniloc's Amended Complaint itself contains only a single conclusory allegation that certain Apple products "send video signals, including video converted into graphics primitives." (Dkt. 63 at ¶ 10.) It is empty of any factual allegations that plausibly establish that any Apple products actually do this. In place of these, Uniloc relies on the size of the claim chart it attached to the Amended Complaint. (Dkt. 67 at 5.) Uniloc notes that its claim chart devotes "seven pages to the element of claim 1 that incorporates the 'graphics primitives' limitation" and then "six more pages of technical explanation regarding the claim limitation." (Dkt. 67 at 5.) Because it included so many pages, Uniloc asserts, it must have plausibly claimed infringement. (*Id*.)

Length, however, does not imply plausibility. Almost all of the "seven pages" that Uniloc touts are simply screenshots with no identification of how any of them allegedly relate to or disclose the claimed "graphics primitives." Indeed, the only "analysis" in the claim chart is

2

the statement that Apple's "graphics primitives" are actually "encoded and compressed video data" that is transmitted as a "video data ***bitstream***." (Dkt. 63-1 at 8 (emphasis added).) As Apple pointed out in its Motion, this "video data bitstream" is exactly the method that the patent distinguishes from the claimed "graphics primitives."[3]

Uniloc next pleads for delay, arguing that Apple's plausibility argument "is not properly before the Court" and "is a subject for the *Markman* process." (Dkt. 67 at 6.) It does not require claim construction, however, to conclude that the Amended Complaint reads the '422 Patent on technology the patent itself describes as different from its invention. The '422 Patent is explicit about what is patented (transmitting video using graphics primitives) and what is not (transmitting video directly using a bit stream). (Dkt. 66-1 at 2:45-47.) It describes the invention as "sending graphics primitives across the data link <u>instead of</u> directly transferring an image as a bit stream." (*Id*. (emphasis added).) Given this, the claimed "graphics primitives" cannot plausibly be the unpatented "video data bitstream" that Uniloc has accused. No *Markman* hearing can change that fact.

Uniloc next argues that its Amended Complaint should be spared because it "affirmatively states that Apple infringes." (Dkt. 67 at 6.) That argument, too is unavailing. Uniloc's Amended Complaint does nothing more than repeat language from the '422 Patent and assert that Apple meets it. In particular, Uniloc's Amended Complaint alleges that Apple's products "send video signals, including video converted into graphics primitives." (Dkt. 63 at ¶

---

[3] In an apparent effort to escape its own allegations, Uniloc argues that its allegations are "not limited by the chart," and that the chart is only "an interim disclosure." (Dkt. 67 at 6, fn. 4.) But at the same time it asks the Court to ignore the claim chart's allegations that establish Apple's non-infringement, it also urges the Court to consider the claim chart's length to save Uniloc's Amended Complaint from dismissal. (*Id*. at 5.) That inconsistency aside, Uniloc's Amended Complaint must be dismissed, whether the claim chart is considered (in which case it pleads non-infringement) or not (in which case it pleads no facts regarding "graphics primitives" at all).

3

10.) But Uniloc says nothing more than this. It offers no facts suggesting how, what, why, or where Apple infringes. As the Supreme Court held, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not make for a plausible complaint. *Iqbal*, 556 U.S. at 678. Reciting claim language, without any supporting facts, is the definition of an inadequate "threadbare recital[] of the elements." *Id.*

Finally, Uniloc's reliance on two past complaints that survived dismissal in prior cases, do not justify saving the Amended Complaint. Uniloc cites a decision from "a similar Apple motion to dismiss in" *Uniloc USA, Inc. v. Samsung Elecs. et al* ("*Apple I*"). (Dkt. 67 at 1.) In *Apple I,* the Court upheld Uniloc's direct-infringement claim against a different party—AOL. Uniloc's complaint against AOL "include[d] a series of screenshots."[4] (Case No. 2:16-cv-642, Dkt. 235 at 4.) These eight screenshots included something that Uniloc's complaint and claim charts here conspicuously lack: an identification of the features within that application that Uniloc accused. (Case No. 2:16-cv-722, Dkt. 1 at ¶¶ 11-18.) Similarly, the *Avaya* complaint that Uniloc cites included ten screenshots of the accused functionalities that, again, at least suggested particular features that allegedly infringed. (Case No. 6:15-cv-1168, Dkt. 1 at ¶¶ 11, 19.)

---

[4] In *Apple I*, Apple did not challenge the sufficiency of Uniloc's direct infringement claims against Apple, so the fact that those claims were not dismissed, means nothing. (Case No. 2:16-cv-642, Dkt. 235 at 4, n.1.) Although Apple did not challenge the direct infringement allegations against it in *Apple I,* and the Court did not consider them, Apple in no way concedes their sufficiency. The *Apple I* Order to which Uniloc refers addressed a challenge brought by a different entity—AOL—with different accused products and allegations. (*Id.*)

4

 

(*Id*. at ¶¶ 15, 17.)

In contrast to the complaints in *Apple I* or *Avaya*, Uniloc's Amended Complaint contains no screenshots or illustrations of Apple's supposed use of graphics primitives. And Uniloc's claim chart is no better. Although it contains certain screenshots and illustrations, many are text or diagrams taken from third-party websites with no apparent relevance and no accompanying explanation. (Dkt. 63-1 at, *e.g.*, 10, 11, 12.) Nowhere does Uniloc's claim chart provide anything that identifies any graphic or image in Apple's products that allegedly comprises the claimed "primitives." Thus, neither *Apple I* nor *Avaya* helps Uniloc here.

**B.  Uniloc's Amended Complaint Does Not Plausibly Allege Indirect Infringement.**

Uniloc concedes that Apple is "not . . . liable for pre-suit indirect infringement if [Apple] had no pre-suit knowledge of the patent" and that "the Amended Complaint does not plead otherwise." (Dkt. 67 at 7, fn. 5.) But, it says, "[w]hether Apple had such knowledge will be determined in discovery." (*Id*.) Uniloc has this backwards, and has again ignored *Iqbal*. Uniloc must <u>first</u> plead a plausible claim of pre-suit indirect infringement <u>before</u> "the doors of discovery" are "unlock[ed]." *See Iqbal* 556 U.S. at 678. Because Uniloc concedes that its Amended Complaint does not allege that Apple had any pre-suit knowledge of the '422 Patent, it should be dismissed to the extent it pleads a claim for pre-suit indirect infringement.

5

Uniloc does not substantively address Apple's arguments that Uniloc has failed to plausibly plead the intent required for a claim for indirect infringement. Uniloc simply states, citing *Ricoh Company, LTD. v. Quanta Computer, Inc.*, 550 F.3d 1325, 1343 (Fed. Cir. 2008), that Apple allegedly "decided not to eliminate or reduce the infringing functionality it had built into its products." (Dkt. 67 at 7.) But a decision not to change an accused product, post-filing, was merely one of many factors the *Ricoh* Court used to infer intent. *Ricoh*, 550 F.3d at 1343. Neither *Ricoh*, nor any other case of which Apple is aware, holds that a mere allegation that a defendant did not alter the accused products, post-complaint, sets out a plausible indirect-infringement claim. In reality, as set forth in Apple's Motion, Uniloc must plausibly plead that Apple took some "affirmative act to encourage infringement with the knowledge that the induced acts constitute patent infringement." *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1332 (Fed. Cir. 2016). Uniloc's Amended Complaint contains no facts that plausibly suggest that Apple took any such "affirmatives act[s]." Uniloc's indirect infringement claims, like its direct infringement claims, should be dismissed.

### III. CONCLUSION

Uniloc's Amended Complaint did not allege a plausible theory of infringement. And in its Opposition, Uniloc made no effort to defend its allegations on their substance—nor could it. The Amended Complaint should therefore be dismissed.

Date: December 22, 2017                          Respectfully submitted,

                                                 By: */s/ Michael Pieja*
                                                 Michael T. Pieja (*pro hac vice*)
                                                 Alan Littmann (*pro hac vice*)
                                                 Jennifer Greenblatt
                                                 Doug Winnard (*pro hac vice*)
                                                 Andrew J. Rima (*pro hac vice*)
                                                 Emma C. Neff (*pro hac vice*)

6

GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
564 West Randolph Street
Chicago, IL 60662
Telephone: (312) 681-6000
Facsimile: (312) 881-5191
mpieja@goldmanismail.com
alittmann@goldmanismail.com
jgreenblatt@goldmanismail.com
dwinnard@goldmanismail.com
arima@goldmanismail.com
eneff@goldmanismail.com

Melissa R. Smith
GILLAM & SMITH LLP
303 S. Washington Avenue
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
melissa@gillamsmithlaw.com

*Counsel for Defendant Apple Inc.*

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) was filed electronically this 22nd day of December, 2017, in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

/s/ *Michael T Pieja*
Michael T. Pieja (*pro hac vice*)

8