IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNILOC USA, INC.; and UNILOC LUXEMBOURG, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | No. C 18-00359 WHA <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |

**INTRODUCTION**

In this patent infringement action, defendant moves to dismiss the amended complaint. The motion is **GRANTED IN PART** and **DENIED IN PART**.

**STATEMENT**

Plaintiffs Uniloc USA, Inc., and Uniloc Luxembourg, S.A. (collectively, "Uniloc") accuse defendant Apple Inc. of directly and indirectly infringing "at least" claims 1, 3, 5, 8, 9, 11, 13, 16–18, and 20–21 of U.S. Patent No. 6,580,422 ("the '422 patent"), literally or "through other software utilizing the same or reasonably similar functionality" (*see* Dkt. No. 57-2).

The '422 patent claims "[a] remote computer display for a portable computing device (PCD) utilizing the transfer of graphics primitives over a wireless data link" (Dkt. No. 1-2, Abstract). As the patent explains, drawing an image on a remote video display requires transferring the image across a data link. At the time of the claimed invention, however, such transfer required a high data rate and could be prohibitively expensive (*id.* at 1:50–60).

To solve this problem, the claimed invention "keeps data link bandwidth to a minimum by *sending graphics primitives across the data link instead of directly transferring an image as a bit stream*. Graphics primitives are high level instructions which tell a graphics display what to draw" (*id.* at 2:45–49 (emphasis added)). This, according to the patent, would be a better approach because "[t]he number of primitive drawing instructions required to generate a video image are [*sic*] significantly less than required to directly transferring [*sic*] the video image as a bit stream" (*id.* at 2:1–4).

This action originated in the Eastern District of Texas in May 2017 and transferred to our district in January 2018. It was related to six other patent cases initiated by Uniloc and reassigned to the undersigned judge.

While in Texas, Uniloc amended its complaint and appended a claim chart laying out its infringement theory. Each asserted claim requires converting video requests into graphics primitives to be sent as signals by a wireless transmitter to a wireless receiver. According to the claim chart, Uniloc alleges that Apple products meet this "graphics primitives" limitation as follows (*see* Dkt. No. 57-2 (emphasis added)):

> The Accused Products include a PCD also having a video driver operative to receive video requests issued by a software program executing on the PCD and converting the video requests into graphics primitives which are sent as signals by the wireless transmitter to the wireless receiver.
>
> For example, Apple mobile devices include a video driver . . . that receives instructions from the processor to *generate graphics primitives (e.g., encoded and compressed video data) responsive to software commands. The video driver converts received video data into an encoded and compressed video data bitstream, which is then sent as signals* by the Wi-Fi module to the Apple TV.

Also while in Texas, Apple moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6) on the basis that it affirmatively pleads *noninfringement* by alleging that Apple products convert video requests into bitstream, which falls outside the scope of the claimed invention according to the plain language of the '422 patent (Dkt. No. 57-3). The parties fully briefed the motion — including with a sur-reply from Uniloc — while still in Texas. After the action transferred to our district and was assigned to the undersigned judge, Apple renoticed its motion to dismiss based on all the briefing that had already taken place.

Uniloc then filed a fresh opposition brief to Apple's fully-briefed motion to dismiss (Dkt. No. 59). Apple responded with a motion to strike the new brief or, in the alternative, for leave to file a fresh reply (Dkt. No. 60). Uniloc opposes the motion to strike but does not object to Apple filing a reply (Dkt. No. 69). Apple's motion to strike is discussed below in the context of the parties' arguments. This order follows the aforementioned briefing and oral argument.

## ANALYSIS

### 1. LEGAL STANDARD.

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the party asserting it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When ruling on a motion to dismiss, a court may generally consider only allegations in the pleadings, attached exhibits, and matters properly subject to judicial notice. The court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030–31 (9th Cir. 2008). Conclusory allegations or "formulaic recitation of the elements" of a claim, however, are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 681.

### 2. DIRECT INFRINGEMENT.

Apple contends the amended complaint fails to allege facts showing how Apple products meet the "graphics primitives" limitation that features in each asserted claim. The amended complaint relies on Uniloc's claim chart to articulate its infringement theory. The claim chart primarily focuses on claim 1, which is representative for present purposes. The "graphics primitives" limitation appears in claim 1 as follows (Dkt. No. 57-3):

> the PCD also having a video driver operative to receive video
> requests issued by a software program executing on the PCD and
> converting the video requests into graphics primitives which are
> sent as signals by the wireless transmitter to the wireless receiver

The claim chart asserts that Apple products meet this limitation by parroting the claim language word-for-word (Dkt. No. 57-2):

3

> The Accused Products include a PCD also having a video driver operative to receive video requests issued by a software program executing on the PCD and converting the video requests into graphics primitives which are sent as signals by the wireless transmitter to the wireless receiver.

This conclusory statement amounts to "formulaic recitation" of the elements of Uniloc's claim and is not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 681. It supplies no *factual* allegations showing *how* Apple products actually infringe. Under *Twombly/Iqbal*, this alone would not suffice to state a facially plausible claim for patent infringement. *Cf. Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*, 319 F.R.D. 269, 273–74 (2017).

Uniloc's original opposition brief cites inapposite and non-binding decisions in service of the incorrect theory that it need not "plead infringement on an element-by-element basis" (Dkt. No. 57-4). Just two examples will suffice. *First*, Uniloc cites *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1341 (Fed. Cir. 2012) (a decision predating the abrogation of Form 18), for the uncontroversial proposition that a plaintiff need not "prove all aspects of its claims" or even "make those claims probable" at the pleading stage. The proposition is correct as far as it goes, but misses the point. Apple's criticism is not that Uniloc failed to prove up a *probable* claim but that Uniloc failed to state even a facially *plausible* claim. *Second*, Uniloc relies heavily on an order from the Eastern District of Texas, in another patent infringement lawsuit initiated by Uniloc, for the proposition that "marching through each claim element and addressing the legal theory that Plaintiffs intend to rely on for each element is simply not required at [the pleading] stage." The quote Uniloc fixates on concerned different allegations against different defendants, operated under a different district's local rules, and dealt with the different issue of "Uniloc's potential reliance on the doctrine of equivalents." But even if this snippet could be read in isolation to support Uniloc's argument, it would not be binding on *this* Court, which requires a patent infringement plaintiff to plead *factual* allegations showing how or why each claim limitation is met by the accused products. *Cf. Comcast*, 319 F.R.D. at 273.

In its sur-reply, Uniloc stresses that its amended complaint appends a claim chart (Dkt. No. 57-6). To be clear, the mere presence of a claim chart offers no talismanic defense against

4

scrutiny under FRCP 12(b)(6). What matters is the *factual* content alleged, whether alleged in the pleading proper or alleged in an appended claim chart. Uniloc's *factual* allegations, or paucity thereof, remain the subject of this motion. Uniloc also states, "The only case cited by Apple is [*sic*] support of this argument is *Ashcroft v. Iqbal*, which was not even a patent case. Thus, Apple's argument regarding the content of the Amended Complaint should be rejected" (*ibid.*). This reasoning is truly inscrutable, as Uniloc's own opposition brief cites *Iqbal* for the applicable pleading standard and, in any event, any suggestion that patent infringement plaintiffs get some special exception from *Twombly*/*Iqbal* would be baseless.

In short, this order agrees with Apple as to the applicable pleading standard. But that does not end the inquiry. Uniloc also argues that, even if element-by-element pleading is required (it is), the claim chart appended to the amended complaint satisfies this requirement because it includes one specific example of how Apple products meet the "graphics primitives" limitation. That part of the claim chart states (Dkt. No. 57-2 (emphasis added)):

> For example, Apple mobile devices include a video driver . . . that receives instructions from the processor to *generate graphics primitives (e.g., encoded and compressed video data) responsive to software commands. The video driver converts received video data into an encoded and compressed video data bitstream, which is then sent as signals* by the Wi-Fi module to the Apple TV.

Apple contends this affirmatively pleads *noninfringement* because it alleges that Apple products transfer video requests as "a bit stream," which is precisely what the claimed invention does *not* do according to the plain language of the '422 patent (Dkt. No. 57-3). In response, Uniloc notes that the '422 patent describes "graphics primitives" as an alternative to "*directly* transferring [data] as a bit stream" (emphasis added), but the claim chart alleges that Apple products transfer "an *encoded and compressed* video data bitstream" (emphasis added). Thus, Uniloc contends, determining whether or not "graphics primitives" encompass both versions of "bitstream" and, by extension, whether or not Apple products meet the "graphics primitives" limitation, requires claim construction not properly teed up on a motion to dismiss (*see* Dkt. Nos. 57-4, 57-6).

Uniloc doubles down on this point in its new opposition brief filed in our district, which cites *Nalco Company v. Chem-Mod, LLC*, 883 F.3d 1337, 1349 (Fed. Cir. 2018), a recent decision by the Federal Circuit, for its conclusion that claim construction disputes are "not

5

suitable for resolution on a motion to dismiss" (Dkt. No. 59). Apple moves to strike the new opposition brief as improper because the underlying motion to dismiss was already fully briefed in Texas, Uniloc never sought or received leave to submit further briefing, and "[t]o allow Uniloc to raise new arguments in a third brief, without affording Apple a chance to respond to those arguments, would unduly prejudice Apple" (*see* Dkt. No. 60 at 3–4). Uniloc explains that another judge in this district, presiding over another recently-transferred cluster of Uniloc-Apple lawsuits, has ordered fresh briefing on Apple motions that had been fully briefed in Texas because the Texas briefs were missing from that judge's docket (Dkt. No. 69). As Uniloc recognizes, however, the situation here differs because Apple supplied the Texas briefs in the instant action (*see id.* at 2). And, in any event, a different judge ordering briefing in a different case gives Uniloc no excuse to file an unauthorized brief here.

Moreover, Uniloc itself admits the biggest difference between its original and new opposition briefs is the inclusion of the recently-issued *Nalco* decision, which this order could take into account even if neither side cited it (*see id.* at 4–5). Otherwise, the new opposition brief essentially reiterates the same arguments as the original opposition brief, albeit with formatting and some citations modified for our district. In summary, except insofar as it applies *Nalco*, Uniloc's new opposition brief was improperly filed, redundant, and unnecessary to decide Apple's motion to dismiss. It is therefore **STRICKEN**, except that this order acknowledges *Nalco*'s relevance to the arguments at hand and fully takes *Nalco* into account. Apple's motion to strike is **GRANTED** only to the extent stated herein and is otherwise **DENIED**.

This order agrees with Uniloc that a claim construction dispute precludes dismissal here. With respect to the "graphics primitives" limitation, the two sides have argued past each other. Apple has focused on the mutual exclusivity between "sending graphics primitives" and "directly transferring . . . a bit stream," which appears on the face of the '422 patent, whereas Uniloc has focused on a supposed distinction between "*directly* transferring . . . a bit stream" and sending "an *encoded and compressed* . . . bitstream" (emphasis added). Apple's reply fails to come to grips with this supposed distinction. Its motion to dismiss is therefore **DENIED** with respect to direct infringement.

6

### 3. INDIRECT INFRINGEMENT.

Apple contends the amended complaint fails to state a claim for indirect infringement because it (1) fails to plead a direct infringement claim and (2) fails to allege facts showing either induced or contributory infringement (Dkt. No. 57-3). As explained, Uniloc's direct infringement claim survives dismissal, which in turn neutralizes Apple's first argument. This order therefore considers whether or not Uniloc has otherwise alleged facts showing induced or contributory infringement.

#### A. INDUCED INFRINGEMENT.

Section 271(b) of Title 35 of the United States Code provides, "Whoever actively induces infringement of a patent shall be liable as an infringer." Induced infringement "requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). Such knowledge requires that the accused inducer not only had "knowledge of the patent in suit" but also "knew the acts were infringing." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926, 1928 (2015). The accused inducer must also have possessed "a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009).

Here, the amended complaint alleges Apple has known of the '422 patent at least since service of the original complaint. Uniloc agrees it has not alleged pre-suit knowledge of the patent and has therefore pled no claim for pre-suit indirect infringement (Dkt. Nos. 57-4, 57-6).

As to post-suit induced infringement, the amended complaint alleges Apple "intentionally instructs its customers to infringe through training videos, demonstrations, brochures, and installation and user guides." The amended complaint lists five generic Apple websites as examples with no explanation as to what specific site content allegedly induces infringement, or how (*see* Dkt. No. 57-2). In its sur-reply, Uniloc contends this should suffice to state a claim for induced infringement, again relying on an order from the Eastern District of Texas in another patent infringement lawsuit initiated by Uniloc (*see* Dkt. No. 57-6). To repeat, that order is not binding on this Court. This order holds Uniloc's vague and conclusory allegations that Apple "intentionally instructs its customers to infringe" using broad categories

7

of materials, coupled with a list of five generic websites, do not amount to *factual* content supporting any reasonable inference that Apple possessed either "knowledge that the induced acts constitute patent infringement" or "specific intent to encourage another's infringement."

The amended complaint also alleges Apple "induces infringement by failing to remove or diminish infringing features" of the accused products (*see* Dkt. No. 57-2). Uniloc contends this suffices to state a claim for induced infringement, quoting *Ricoh Company, Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1343 (Fed. Cir. 2008). Uniloc's reliance on *Ricoh* is misplaced. In that case, the Federal Circuit observed that *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005), "recognized that a failure to remove or diminish infringing features of a distributed product is *relevant* to a party's intent that those features be used for direct infringement." *Ricoh*, 550 F.3d at 1343 (emphasis added). As Apple points out, however, this hardly amounts to a holding that merely alleging failure to remove or diminish infringing features, without more, suffices to state a claim for induced infringement. On the contrary, in citing *Grokster*, *Ricoh* specifically noted that "evidence of a failure to act . . . must be accompanied by other evidence of affirmative acts." *Ibid.* In its sur-reply, Uniloc circles back to its allegations about generic Apple materials and websites as an example of an "affirmative act" (Dkt. No. 57-6). As explained, however, those vague and conclusory allegations say nothing about what specific material or site content allegedly induces infringement, or how.

### B. CONTRIBUTORY INFRINGEMENT.

Section 271(c) provides, "Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer." "Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Commil*, 135 S. Ct. at 1926 (citation omitted).

Here, the amended complaint alleges that Apple contributes to infringement "by offering to sell, selling, or importing a component of a patented machine, manufacture or combination, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '422 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use." This is merely formulaic recitation of Section 271(c) not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 681. The amended complaint adds by way of "example" that "the software that causes the Wireless Devices to operate as described above is a component of a patented machine, manufacture, or combination. Furthermore, the software is a material part of the claimed inventions and is not a staple article or commodity of commerce suitable for substantial non-infringing use" (*see* Dkt. No. 57-2). More formulaic recitation. Again, the amended complaint falls short of alleging *factual* content sufficient to support Uniloc's conclusions.

In summary, the amended complaint fails to state a facially plausible claim for indirect infringement. Apple's motion is therefore **GRANTED** with respect to indirect infringement.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff may move for leave to file yet another amended complaint in this action by **MAY 16 AT NOON**. Any such motion must include as an exhibit a redlined version of the proposed amendment that clearly identifies all changes from the amended complaint. This order highlighted certain deficiencies in the amended complaint, but it will not necessarily be enough to add sentences parroting each missing item identified herein. If plaintiff moves for leave to file yet another amended complaint, it should be sure to plead its best case.

**IT IS SO ORDERED.**

Dated: May 2, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE